Good morning Your Honor. Brian Burgess on behalf of Michael Hayes. I'd like to reserve three minutes for rebuttal. All right. May it please the court. At its core this was a case about competing stories. On the one side the defendants insisted that they had no reason to believe that sex offenders like Michael Hayes faced any particular risks at any of the ICC's pods and they asserted that they always erred on the side of safety when dealing with prisoner safety concerns. On the other side Michael Hayes presented evidence and testimony that in fact sex offenders were repeatedly and systematically targeted and attacked within the ICC's so-called gladiator pods. That this fact was well known by prison officials in these pods including the defendants Brian Doser and Justin Acosta and that prison officials did nothing about it. As a pro se inmate Mr. Hayes was always going to face an uphill climb to convince a jury to believe his account rather than the account of his jailers. But a series of district court errors made that climb even steeper and ultimately compromised his case. First as the defendants Doser and Acosta the court erred by excluding evidence of prisoner concerns on the improper ground that the concern forms postdated the Hayes attack. But you kind of touched on one point about the jury trial and the jury trial was against the was Doser and Acosta correct? That's correct. And then you have with the summary judgment involving CCA? Involving CCA and several other defendants? What? The fact that he had a jury trial and I think that the jury did make there was a special verdict and I think he lost at the first question right? On whether there's an objective risk under farmer that's correct. So how does that make your rock that you're pushing uphill more difficult both relative to these two Doser and Acosta but also the assorted defendants that where there was summary judgment? Because I'm wondering if that's the case how could even if summary judgment were wrong how could you really ever show that it would be a different result? Sure I'll start with Doser and Acosta. We are we're making an argument that there are evidentiary errors that this evidence was admissible and that it affected the jury's verdict and it could have affected how it assessed both the objective risk and the subjective prong. So we acknowledge that we need to show that the evidence that was excluded could have made a difference on how the jury evaluated that first prong and might have come out to a different conclusion. Tell us how. Sure the evidence we think again because this was a credibility fight and because it was an issue of whose story is the jury going to believe. Evidence that comes in and suggests contrary to the defendants representation that we always err on the side of caution. It would have been career-ending to ignore prisoner safety issues. Our staff we and our staff always reacted with alacrity to these issues. You have concern forms coming in contemporaneous to ongoing threats in the ICC showing that's not what happened and if the. Anything contained in those forms that wasn't testified to? So the attacks were testified to what we think the concern forms would do is because it was a if we think if the jury believed Mr. Hayes and in the testimony of fellow inmates that these people were systematically targeted in an attack it could have made a difference on whether it would have believed that there was an objective risk but of course they might not. Question of weight rather than admissibility? Well we I mean in terms of I was responding to whether the evidence was harmless whether there was harmless error and we think that this evidence provided further support to show why to believe one person one side story rather than the other. So it's the forms that didn't come in but there was testimony that was given about attacks that people faced you know in the ongoing attacks both before Mr. Hayes was attacked and after but of course the defendants response to all this was you know they they tried to cast doubt on the sex offender story they suggested that they had no reason to believe and by inference that there there was no real risk going on at these pods at the time. But obviously the forms that were I think one form did come in right that was after? One form came in because there was no objection to it. Okay so one form did come in and the ones that were kept out were after Mr. Hayes's incident so and then they were other inmates correct? Yes they were forms by I mean why couldn't you make the argument there that that obviously you know say the prison could be at a certain level of violence at a certain point and then what happens after I mean it could completely it could completely change so it I think like what Judge Hawkins is saying well yeah maybe it has some weight to say well if it was this way after it must have been this way before but it isn't as strong as evidence leading up to it as to what the actual conditions were. Mr. Hayes whole theory was that this was an ongoing and systemic thing that both predated his attack and post dated it and so that was why this if the defendants had presented a story that well in April 2007 there was no problems and all these problems came later I could see that argument but that was not the claim they were making the claim they were making is that they had no reason to believe throughout this period that sex offenders were at a particular risk. Well would the court have let's say there were ten forms would the court be would the court be within its power to say well okay I'll hear testimony on three or four but I'm not gonna let you you know I'm not gonna put all ten on. The district courts gonna have to have discretion on how to manage its case but what's clear in its rulings is that in any every instance in which a concern there was an objection to a concern form that post dated the attack the court upheld the objection solely on the ground that it post dated the attack the court first sort of lays out its reasoning it this is the excerpts at seven and then in each subsequent instance when it's challenged the sole basis for the objection is the time frame and the court says I'm gonna sustain that so this is not an instance in which the court this court has to sort of weigh the district court whether you know engaging its discretion and it said well at a certain point it's cumulative or at a certain point it's too attenuated district court made a categorical decision that these concern form evidence when they were going to be objected to were inadmissible and we think that that is not a proper ground for exclusion because the court recognized that they would have been relevant before the attack my friend on the other side raised in its brief various reasons other reasons why it thinks that the concern forms weren't relevant or that they were attenuated but it's important to note that the district court did not think that those were going to be grounds for exclusion it correctly understood that those were going to be questions of weight for the jury but it relied on the fact that because these post dated the assault they were categorically irrelevant and we think that's wrong precisely because the whole mr. Hayes account was that this was ongoing and systemic and the fact that after his assault even when they you know arguably would be even on greater notice that there were problems going on at the ICC it continued to be the attitude there that people wouldn't respond to the ICC staff contrary to dozer and Acosta's representations were not responding to these attacks and if the jury came to doubt their you know their account and how they were presenting how these issues were dealt with we think it certainly would go to their subjective the subjective prong under farmer but we think it also would go to the objective prong we don't think the way the other side has tried to parse out evidence as being relevant only to one or another stands up let me ask you this all right so you're making those evidentiary arguments and the question that the jury said no to in the first was what was the exact question whether he faced an objective risk of serious harm okay and they said no that's right so if we did not I'm just saying this hypothetically we did not agree with your that that the evidentiary objections or that it was harmless if we find that it was harmless error what's your argument do you have an argument left as to those defendants on summary judgment because if against if if the verdict is proper as to dozer and Acosta that he didn't face harm how can you hold in the other people sure so you know we've raised at least two reasons the one is that we have an objection to the reliability of the verdict but if the court doesn't agree with us on that we still think it could have made a difference if these defendants had been able to participate in trial and that the mr. Hayes ability to present his case and to show the systemic problems that the ICC might have led to a different jury verdict you know it's these are people including Warden Valdez that had access to incident reports and could have been examined and cross-examined about what this sort of ongoing risks were but you're a green manel liability on some at least on one of the defendants right or that's respect with true with respect to the company to CCA with the other individuals but you're saying that I don't have said it's a sow versus desert palace you said it's wrong they decided but nevertheless it's controlling right right again that's only relevant to the issue against CCA okay not against the other defendants for them it would have been the same sort of individual liability there was an objective risk of serious harm and they were deliberately indifferent to it and it's important to note that the district court held that there was a tribal issue of fact about the objective risk prong and so the whole issue on to be whether there was sufficient evidence that these people what actual evidence did your client provide to demonstrate that CCA had a policy of failing to protect prisoners well his the evidence with respect to CCA I think this mostly appears the excerpts at 191 and 92 is his statement of facts he notes you know based on his observations the understaffing at CCA the lack of to make that argument I think is limited by the fact that he was a pro se inmate but again it's important to know is there any is there any specificity to it or is it just a general statement I think it's fair to say that those were more general statements and were based on his personal observations but it's important to note that that we don't need to make that showing for the other defendants and for them it was sufficient to demonstrate deliberate indifference based on the notion that the risk would have been obvious and that was demonstrated by discovery showing multiple incidents in the previous year of inmate on inmate attacks several of which involved people specifically being targeted for their crime and the district court in its earlier summary judgment decision actually recognized that and I believe this is a 53 of the excerpts that it was a fair inference to believe to understand that warden Valdez and people on the housing committee would have that sex offenders were regularly being attacked but then when it turned to the subsequent summary judgment decision it ended up accepting their claims and their declarations that they had no knowledge and that's of course their their claim and they're entitled to to raise that defense but we think a jury could have reasonably concluded otherwise based on the background history of sex offenders being targeted here and in other ways in which the held it said as a matter of fact that the investigation into his the threats against him were adequate but that was disputed it it said that you know it inferred that there was no reason to believe the fact that he noted that he had faced threats and the other gladiator pods not just in a pod it's discounted that is too big but again given the whole context right three minutes sure I'll just finish this comment given the whole context and given the ongoing attacks against sex offenders in the area it should have been left to the jury to decide whether these people would have been such an obvious risk to assign him to K pod and not just to move him away from a pod thanks thank you good morning good morning may it please the court counsel my name is Jake Naylor Jacob Naylor I am representing CCA and the other individually named appellee defendants of CCA in this matter now as the court has already alluded to this is a very unique case and I think it is that uniqueness that allows this court to come to a a simple conclusion and that is the fact that mr. Hayes about it the fact that mr. Hayes was able to have a multi-day trial in which he was able to present evidence to the jury and ultimately that jury determined that he was not at a substantial risk of serious harm at K pod well he's obviously arguing and that the district courts exclusion of other inmate concern forms were prejudicial in the context of a prisoner case like this one because the plaintiff can you know typically lacks corroborative evidence and that would have been corroborative evidence so and they obviously by virtue of they didn't get very far in their questionnaire so if he'd had corroborate evidence why why wouldn't that have made a difference here well your honor I think it's important to note two distinctions that were not raised in the opening argument here and that is that the question that the jury was asked to consider was not just was mr. Hayes incarcerated a substantial risk of serious harm but rather was he the direct question is while incarcerated at the Idaho Correctional Center on K pod did plaintiff face a substantial risk of serious harm and this is a very material distinction because the testimony throughout the case throughout the trial indicates that the individual pods themselves are that's a that's an important distinction because inmates cannot go from pod to pod and so if he does it matter in this mr. Hayes requested to be returned to K pod well your honor to that is the same place where he alleges he was subject to a substantial risk of harm well yes your honor at the trial evidence was introduced that he was moved off of K pod at one time put back into a pod and at a pod he requested to be moved back to K pod which in the jury could reasonably judge that he did not actually believe that he was at a substantial risk of serious harm at that time what the state of your clients knowledge was with respect to the propensity for sex offenders to be preyed upon by members of the general population I would say to the objective component of the deliberate indifference analysis no but I would say to their own subjective knowledge I that would be a and if these concern forms were authored or directed to these defendants dozer or Costa or if they were responded to or if they had to do with K pod instead of J pod or if they were in a temporal proximity to his assault then I would argue that they would be relevant much like denying that sex offenders are in an institutional setting isn't that as generalized as there is in the correctional industry isn't it a little like the gendarme in Casablanca saying gambling gambling here at the casino your honor I understand I understand the point that you're making and I think that while the in specific the housing committee defendants in their in their declarations acknowledged that sex offenders are at risk of harm at at ICC and at other prison facilities the specific question here say in any prison anywhere North America wouldn't you I don't have the knowledge to maybe concede that much but I would I would say that that is kind of a generalized assumption based off of I mean just a Mr. Hayes was specifically alleging that there were specific areas in which there was a heightened risk for sex offenders where sex offenders were deliberately placed for example on K pod and at there at that pod he was at a higher risk and that is why the distinction raised by counsel is important because the court did acknowledge that it was it could be risk of harm to sex offenders at the prison but they have to prove that the placement was deliberate they had to prove that that mr. Hayes was placed on K pod with a substantial knowledge that he was at a heightened risk of the substantial risk of serious harm and that is the distinction here your honors that what we're dealing with is that even though it might be generalized that sex offenders are at risk of harm the testimony of the staff at ICC indicates that there are other inmates who are just as at risk inmates who have maybe informed on other inmates inmates with other certain allegations of crimes or or gang issues and what the staff has testified to is that they acknowledge and an attempt to to treat each one of those risks of harm as they arise and so the issue here is as mr. Hayes put forth this evidence and tried to establish that he was at a subjective risk a substantial risk of serious harm on K pod he would ultimately was not able to to meet that burden and so that objective component carries out through through really all the defendants in this case now in going to the excluded evidence specifically these concern forms the standard that this court needs to acknowledge for the exclusion of these concern forms is an abuse of discretion which means that the district court needed to act in an arbitrary fanciful or capricious way in order for this to be an improper exclusion of these concern forms and the court when it made its determinations it was not an arbitrary or a rigid temper temporal exclusion of these concern forms and to that end in the record itself it establishes that in the first in one of the first times in which these concern forms were excluded the court specifically stated in this is an ER 7 I'm going to sustain the objection it's just one step too far removed mr. Hayes if this had been authored by one of the defendants or if it were in a time frame before April 14th which is the date on which you were allegedly attacked then I would admit it excuse me but given the fact that it was done afterwards and it was not done by any of the defendants but rather someone apparently under their supervision I think it just removes it it's one two step too far removed so in other words this is not a temporary and arbitrary cutoff and each time that the court looked at one of these concern forms while I did uphold objections later on due to the temporal nature these concern forms were authored at one point I think it was three months and the other two are I think seven and months beyond his assault and as the concern form was allowed in the the concern form that was allowed in is on your host that was on the ER 20 and it is from inmate Veenstra specifically to defendant dozer and this was on July 12 2007 so what was the district courts rationale of why that one came in well your honor as counsel pointed out this was not objected to by defendants so it was just admitted and it was not objected to because it was relevant evidence and it's defendants do not believe it's reasonable that we would have to object to every single exhibit for it to come in to somehow establish a so why would you why why do you think it's relevant as opposed to the other ones why is this one more relevant well as the court stated it's relevant because it's it's discussing the mindset of defendant dozer his subjective knowledge as to inmate risk of harm and even though it is on J pod it it could be relevant towards his subjective understanding of the risk to potential risk or alleged risk to inmates on the JKL unit all right do you want to respond briefly to if it if we were to find it was error why would it be harmless well your honor it would be well this was a question actually justice Hawk judge Hawkins raised and that was was were these was the substance of these concern forms testified to in other parts of the trial and while not all the specific points of those concern forms were explicitly testified to in a parallel testimony the substantive nature and the overall points at which counsel's argued that these concern forms were admitted for was raised and that is the credibility of staff the the inability of staff to respond to concern forms the ability or the the alleged understanding of staff to put sex offenders into harmful and harm harms away and to not remove them even when informed for example mr. Veenstra who authored two of the concerned forms and testified substantively to the third he continuously stated you know that he testified that that staff would he would tell staff of sex offenders and that they were being threatened and that then staff would do nothing to respond to that and so to that end it's harmless error mainly because it was already testified to in addition as was pointed out these concern forms do not relate to kpod they do not relate to the named defendants who were at trial and they do not they're not temporarily linked to the the conditions on kpod so as to the objective component of the deliberate indifference deliberate indifference analysis these forms simply are not relevant to what what what mr. Hayes is objective substantial risk of serious harm on kpod was at that time and finally because they were not authored or responded to by mr. dozer or mr. Acosta there's no evidence that they would implicate any of their subjective knowledge either so for those reasons there's it would be harmless error to to to exclude these forms now in moving to the summary judgment portion of this courts analysis again due to the objective name due to the finding of the jury we would initially argue that had any defendants made it to trial through summary judgment or otherwise there would be they would have ultimately been not found to be delivered deliberately indifferent due to the finding of the subjective knowledge that that these that these defendants had was was insufficient to establish that they had a specific risk of that they knew that sex offenders were at a specific and substantive risk of serious harm on kpod at the time that they placed that they suggested that mr. Hayes go there and there and mr. Hayes while making generalized assumptions and allegations in his briefing did not establish evidence to support his allegations that there were a substantial risk of serious harm to himself on kpod at that time as to Warden Valdez he acted oh and excuse me I'd like to go back one really quickly what the court found for the housing committee was that they acted reasonably based on the undisputed facts before them and this is this carries on with Warden Valdez as that as the third component of the farmer be Vrenn Brennan analysis which is did the even with the subjective knowledge did the defendants act reasonably to in in light of that knowledge and to the housing committee defendants and to Warden Valdez the court found that they did act reasonably based on the uncontroverted facts that mr. Hayes that that were and mr. Hayes's allegations finally to defend its CCA there the statements that were made by mr. Hayes and the allegations made at summary judgment were insufficient to maintain a finding of Monell liability mainly because there was not a pervasive and permanent practice or pattern he makes generalized allegations but these are without personal knowledge and and without any sort of other factual or documented knowledge as well your client have a generalized manual for the operation of correctional institutions it contracts for yes it does it has if justice is asking is there one manual for all CCA facilities that they do not because each facility has individual yes there was your honor no it was not if there are no further questions from the panel I would just ask we would request that you uphold the district courts finding thank you thank you thank you three general points I'd like to briefly make first my friend suggests that a sex because sex offenders are at risk everywhere they have to make some sort of heightened showing and I don't know where in the case law that comes from the idea that just because sex offenders we know that they are targeted they have to show more so than another inmate that they're gonna face a risk here I don't see that anywhere in the case law it's not consistent with farmer in which where the risk was that the inmate was a transgender inmate and that it's in itself was the source of the risk the flip side is you can't just say I'm a sex offender so therefore I have a case that that's certainly correct and in my other point with respect to that is that the ICC was not just any prison that's what the record suggests and what the history of the prison suggests that there was a real ongoing record of sex offenders you know that is established in the record in this case is as we noted in our brief this case was also at one point going to be coordinated with another lawsuit in which the same sort of allegations about inmate on inmate violence and particularly the targeting of sex offenders resulted in a consent decree that led to a contempt order that is also currently before this court another point my friend indicated that the risk had to be shown on k-pod only that it was k-pod specific but the record indicates that there were several that there were gladiator pods in which there was a generalized risk that these with wings were sort of the roughest wings in the prison that sex offenders here in all of these particular wings were facing threats and had been extorted told that they had to pay rent and robbed and there was no basis that the defendants presented to think that there was somehow a distinction where k-pod was safe but j-pod for example was dangerous about your client asked to go back to k-pod what about that right so that was not that was later on initially he asked for protective custody and made clear that he thought well he could live in general population somewhere k-pod was not one of those places later after he had been briefly at medical he was reassigned to a pod and threatened again and did ask as compared to a pod to go back to k-pod so I think it's a fair inference that at that time he thought k-pod was safer for him than a pod it's not a fair inference to think that he thought he was safe there he had specifically saw protective custody and asked not to be there and then when he was returned to k-pod he very quickly started facing additional threats and reported those to the defendants but no action was taken I think it's probably I mean it probably goes without saying that you know prisons aren't quite as safe as living in a senior community but know so I mean I think anyone bringing a case has probably has the juror in the jurors mind they don't expect them to be perfectly safe by the nature of the population that's certainly that's certainly true but mr. Hayes presented evidence that this prison was unusual that there was particular instances of attacks and if he had been able to present the evidence corroborating that we think the jury would have believed his account all right your time is up so if you just wrap up that would be good sure the last point I wanted to make was just the on the relevance on the district courts holding it's clear that it had as a rule that on a but-for basis anything that post dated the attack was going to be excluded so all of the other sort of issues of it being attenuated or is simply a red herring that that was not the basis for the district courts judgment thank you all right thank you very much both of you for your good argument in this case that's helpful and this matter will stand submitted and thank you again for your pro bono work
judges: Fernandez, Hawkins, Callahan